UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JONATHAN GOULD**<br><br>　　　　**Plaintiff,**<br><br>　v.<br><br>**DETECTIVE ROBERT O'NEAL,** et. al.,<br><br>　　　　**Defendants.** | Civil Action No. 17-100 (JMV)<br><br>**OPINION AND ORDER** |

**CLARK, Magistrate Judge**

　　**THIS MATTER** comes before the Court on a Motion by Defendant, Robert Grady, to vacate the default entered on February 27, 2017 [Dkt. No. 11]. For the reasons set forth below, Robert Grady's Motion to vacate the entry of default is **GRANTED**.

**I.　BACKGROUND AND PROCEDURAL HISTORY**

　　Plaintiff filed his Complaint on January 6, 2017, initiating a deprivation of rights action against Defendants Detective Robert O'Neal, Sergeant John Campo, and Assistant Prosecutor Robert Grady ("Grady"). [*See* Dkt. No. 1]. On February 1, 2017, Grady was personally served the Summons and Complaint. [*See* Dkt. No. 9]. On February 27, 2017, having received no response to the Complaint, Plaintiff filed a request for entry of default against Grady, and default was entered on the same date. [*See* Dkt. Nos. 10, 11]. Subsequently, on February 28, 2017, Grady made his first appearance in this action and filed the present Motion to vacate the default entered against him. [*See* Dkt. Nos. 12, 13]. In support of his Motion, Grady claims that the entry of default should be vacated because Plaintiff will not suffer any prejudice, Grady has a meritorious defense for failure to state a claim, and the claim is barred by offered immunity.

[*See* Dkt. No. 13]. However, Plaintiff opposes the Motion and argues that it should be denied because Grady "fails to proffer a meritorious defense, fails to demonstrate that Grady's default was 'excusable,' and improperly relies on an unsworn 'certification.'" [*See* Dkt. No. 14].

## II.     DISCUSSION

### A. Grady's Motion to Vacate the Entry of Default [Dkt. No. 13]

The entry of default and default judgment are governed by Federal Rule of Civil Procedure 55. The power to grant default judgment "has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Hritz v. Woma Corp.,* 732 F.2d 1178, 1181 (3d Cir. 1984) (citations omitted). Because a default judgment prevents a plaintiff's claims from being decided on the merits, "this court does not favor entry of defaults or default judgments." *United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 194 (3d Cir. 1984). Accordingly, the Third Circuit has clarified that, while "the entry of a default judgment is left primarily to the discretion of the district court," this "discretion is not without limits," and cases should be "disposed of on the merits whenever practicable." *Hritz,* 732 F.2d at 1181 (citations omitted); *see also $55,518.05 in U.S. Currency,* 728 F.2d at 194–95.

Pursuant to Rule 55(c), "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In exercising its discretion to vacate the entry of default, the Court must consider three factors: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was a result of the defendant's culpable conduct." *Budget Blinds, Inc. v. White,* 536 F.3d 244, 255 (3d Cir. 2008) (citing *$55,518.05 in U.S. Currency,* 728 F.2d at 195).

Any doubts in this inquiry are "to be resolved in favor of the party moving to set aside the default judgment so that cases may be decided on their merits." *Ford v. Consigned Debts & Collections, Inc.,* No. 09–3102, 2010 WL 2758182, at *2 (D.N.J. July 12, 2010) (citing *$55,518.05 in U.S. Currency,* 728 F.2d at 194–95). "'[M]atters involving large sums should not be determined by default judgment if it can reasonably be avoided,' since 'the interests of justice are best served by a trial on the merits.'" *Livingston Powdered Metal, Inc. v. N.L.R.B.,* 669 F.2d 133, 136–37 (3d Cir. 1982) (quoting *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 245 (3d Cir. 1951)).

### *i. Meritorious Defense*

The Third Circuit "consider[s] the meritorious-defense factor the 'threshold issue. . . .'" *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.,* 175 F. App'x 519, 522 (3d Cir. 2006) (quoting *Hritz,* 732 F.2d at 1181). The defendant is required to "set forth with some specificity the grounds for his defense." *Id.* (citation omitted). The court then "look[s] at the substance of that defense to determine whether it is meritorious." *Id.* (citation omitted). However, the court "need not decide the legal issue' at this stage of review." *Id.* (quoting *Emcasco Ins. Co. v. Sambrick,* 834 F.2d 71, 74 (3d Cir. 1987)).

Here, Grady asserts that the entry of default should be vacated because he has a meritorious defense to raise in opposition to Plaintiff's claims. According to Grady, he is entitled to absolute prosecutorial immunity against Plaintiff's false arrest and malicious prosecution allegations. Grady argues that acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or trial are entitled to the protections of absolute immunity. [*See* Dkt. Nos. 13, 17.] Furthermore, Grady argues that in the unlikely event that absolute immunity does not cover all claims asserted against him, he would then assert the defense of

3

qualified immunity in a subsequent motion or submission. [*See* Dkt. No. 17]. Grady claims that qualified immunity shields government officials from liability for civil damages as long as their conduct does not violate a clearly established constitutional right of which a reasonable person should have known. *Id.* While Plaintiff contends that absolute immunity is not applicable to this case, Plaintiff has not presented sufficient evidence to lead the Court to the same conclusion. Accordingly, the Court finds that Grady's claim that he is immune from civil liability, under absolute or qualified immunity, is enough to consider its defense meritorious at this phase of litigation.

### *ii. Culpable Conduct*

To find a defendant's conduct culpable, "more than mere negligence [must] be demonstrated." *Hritz,* 732 F.2d at 1183. "Reckless disregard for repeated communications from plaintiffs and the court ... can satisfy the culpable conduct standard." *Id.* Culpable conduct, in this context, "is conduct that is taken willfully or in bad faith." *Hill v. Williamsport Police Dept.,* 69 F. App'x 49, 52 (3d Cir. 2003) (citations omitted).

Here, there is no evidence that Grady's delayed response to Plaintiff's Complaint was due to anything more than negligence. In his Motion, Grady asserts that he requested representation from the Attorney General's Office on or about February 3, 2017, just two days after he was served. On February 28, 2017, counsel entered an appearance on Grady's behalf and promptly filed this Motion to avoid any further delay. Grady argues that the delay in responding to Plaintiff's Complaint was due to the time-consuming process of obtaining representation from the Attorney General's Office, and is not attributable to his own actions. While Plaintiff contends that Grady failed to demonstrate "good cause" for his default, Grady's actions were no worse than merely negligent and were not acts designed to avoid compliance with Court rules.

Accordingly, in the absence of evidence of the requisite willfulness or bad faith on the part of Grady, the Court finds that Grady's failure to timely respond to the Complaint does not warrant a refusal to set aside the default. *See Blue Ribbon Commodity Traders, Inc. v. Quality Foods Distrib.,* at *3 (E.D.Pa. Dec. 11, 2007) ("Even where neglect is inexcusable, and where the Court cannot condone a defendant's failure to respond to a lawsuit for an extended period of time, culpable conduct warranting the refusal to set aside default must rise to the level of 'flagrant bad faith,' and 'callous disregard of responsibility.'" (citation omitted)).

### *iii. Prejudice to Plaintiff*

While the Court is mindful of Plaintiff's desire to move this case along, "delay in realizing satisfaction or the fact that the plaintiff will have to prove its case on the merits are rarely sufficient to prevent a court from opening up a default." *Itche Corp. v. G.E.S. Bakery, Inc.,* 2008 WL 4416457 at *2 (D.N.J. Sept. 24, 2008) (citing *Feliciano v. Reliant Tooling Co.,* 691 F.2d 653, 656–57 (3d Cir. 1982)). Prejudice under this prong accrues due to a "loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Id.* "[T]he inevitable dimming of witnesses' memories" is also recognized as a form of prejudice. *Scarborough v. Eubanks,* 747 F.2d 871, 876 (3d Cir. 1984). Here, Plaintiff does not contend that he will be so prejudiced by the Court vacating the entry of default and allowing Grady to respond to the Complaint, and there is no indication or assertion before the Court that any evidence has been lost or that Plaintiff will have any increased difficulty in obtaining relevant discovery.

Accordingly, because the Court finds that Grady has set forth a meritorious defense, that Grady's conduct in failing to respond to the Complaint is not culpable, and that Plaintiff will not

suffer prejudice if Grady is permitted to respond to the Complaint, Grady's Motion to vacate the entry of default is GRANTED.

### III.     CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 19th day of July, 2017,

**ORDERED** that Robert Grady's Motion to vacate the entry of default [Dkt. No. 13] is **GRANTED;** and it is further

**ORDERED** that Robert Grady's answer shall be filed within **ten (10) days** of the entry of this Order.

s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**