**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

JONATHAN GOULD,

       *Plaintiff,*

v.

ROBERT O'NEAL, JOHN CAMPO, AND
ROBERT GRADY,

       *Defendants.*

Civil Action No. 17-100

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on Defendant Robert Grady's ("Defendant") motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 34. Plaintiff Jonathan Gould ("Plaintiff") filed a brief in opposition, D.E. 42, to which Defendant replied. D.E. 43.[1] The Court reviewed the submissions in support and in opposition, and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendant's motion is **GRANTED**.

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

The Court's February 8, 2018 Opinion dismissing Plaintiff's Complaint without prejudice, D.E. 30, includes a detailed recounting of the background of this matter. To the extent relevant to

---

[1] In this Opinion, Defendant's motion to dismiss (D.E. 34) will be referred to as "Def. Brf." Plaintiff's brief in opposition (D.E. 42) will be referred to as "Pl. Opp." Defendant's reply brief (D.E. 43) will be referred to as "Def. Rep."

this motion, the Court incorporates the factual and procedural history into this Opinion and summarizes the critical facts and procedural history here.

Beginning in 2014, the Essex County Prosecutor's Office ("ECPO") started investigating Plaintiff's use of his mother's credit card. Plaintiff claims that the mishandling of the investigation led to violations of his constitutional rights. Defendants to this matter are employees of the ECPO. O'Neal is a detective, Campo is a sergeant, and Grady is an assistant prosecutor ("AP"). AP Grady, who is making the current motion, was the prosecutor assigned to Plaintiff's case.

The allegations in the Amended Complaint ("FAC") concerning AP Grady differ only slightly from those in the original Complaint. As the Court noted in the February Opinion "[t]he factual allegations against AP Grady in the Complaint are limited." February Opinion ("Feb. Op.") at 8; D.E. 30. Plaintiff in the Complaint alleged that "[d]espite a lack of probable cause, on or about February 11, 2015 Assistant Prosecutor Grady told Detective O'Neal that he had reviewed the case and decided that [Plaintiff] should be charged with second degree theft." Compl. ¶ 30. Now, in the FAC, Plaintiff alleges that:

> [d]espite the lack of probable cause, on or about February 11, 2015, Assistant Prosecutor Grady advised the Detective Defendants that probable cause existed for Mr. Gould's arrest. Defendant Grady was aware of Detective Defendants' investigative efforts and the information obtained, and did not obtain, in connection with the investigation. Defendant Grady knew, recklessly disregarded, and/or was deliberately indifferent to the fact that the information and evidence known to Defendants did not constitute probable cause for Mr. Gould's arrest.

FAC ¶¶ 31-32. The only other allegation referring to AP Grady in the FAC states that after O'Neal and Campo visited Plaintiff's mother, they informed AP Grady of what she had told them. Thereafter, the ECPO dismissed the charges against Plaintiff. *Id.* ¶¶ 47-48.

Plaintiff filed the FAC on February 13, 2018. D.E. 32. The FAC realleges claims of false arrest (Count One) and malicious prosecution (Count Two), both in violation of 42 U.S.C. § 1983. FAC ¶¶ 54-74. The current motion followed.

## II.    LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss

the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

### III.   LAW & ANALYSIS

The FAC alleges only one claim, false arrest, against AP Grady. AP Grady argues that this claim should be dismissed because he is entitled to absolute prosecutorial immunity. Def. Brf. at 6-9. The Court agrees.

As noted in the February 2018 Opinion, it is well established law that a prosecutor is immune from civil liability for initiating and presenting the State's case. Feb. Op. at 8 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (the "United States Supreme Court has long held that 'in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under s[ection] 1983'")). The Court also cited *Kulwicki v. Dawson*, 969 F.2d 1454, 1463 (3d Cir. 1992), where the Third Circuit found that "prosecutorial immunity extends beyond courtroom activity to out-of-court behavior 'intimately associated with the judicial phases of litigation.'" Feb. Op. at 8.

In his opposition brief, Plaintiff again relies on *Burns v. Reed*, 500 U.S. 478, 496 (1991) to argue that AP Grady undertook "investigative" actions, which are not entitled to prosecutorial immunity. Pl. Opp. at 5-6. However, the FAC's allegations against AP Grady do not change the Court's original analysis that *Burns* is distinguishable. Feb. Op. at 9. As previously noted, in "*Burns* the police officers detained Cathy Burns at the police station while seeking the prosecutor's advice on whether probable cause existed to arrest Ms. Burns." Feb. Op. at 9 (citing *Burns*, 500 U.S. at 483). Specifically, the arresting officers in *Burns* brought Ms. Burns to the station and then sought the prosecutor's advice of whether hypnosis would be an acceptable investigative technique. *Burns*, 500 U.S. at 482. The prosecutor told them it was acceptable and to proceed

with the questioning. *Id.* Ms. Burns then made incriminating statements under hypnosis. *Id.* The officers relayed these statements to the prosecutor, who then told the officers they "probably had probable cause" to arrest Ms. Burns. *Id.*

Here, Plaintiff attempts to couch the FAC's allegations to resemble those in *Burns*. However, Plaintiff does not provide plausible factual assertions to make this comparison successful. As noted above, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). The Court does not credit Plaintiff's parroting of the language from *Burns*. The FAC fails to set forth sufficient factual allegations against AP Grady to take his alleged actions outside of the realm of prosecutorial immunity.

For these reasons, and for good cause shown,

IT IS on this 17th day of July, 2018,

**ORDERED** that Defendant's motion to dismiss (D.E. 34) is **GRANTED** as to Defendant Robert Grady; and it is further

**ORDERED** that the First Amended Complaint, D.E. 32, is **DIMISSED with prejudice** as to Defendant Robert Grady.

John Michael Vazquez, U.S.D.J.