UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JONATHAN GOULD, | : |
| Plaintiff, | : Civil Action No. 17-100-JMV-AME |
| v. | : OPINION & ORDER |
| DETECTIVE ROBERT O'NEAL, et al., | : |
| Defendants. | : |

**ESPINOSA**, Magistrate Judge

Plaintiff Jonathan Gould ("Plaintiff") brings this motion for leave to file a Second Amended Complaint, pursuant to Rules 15(a)(2) and 16(b)(4) of the Federal Rules of Civil Procedure. [D.E. 88] No opposition has been filed. Nevertheless, because the Court finds that Plaintiff has failed to meet the applicable standard for amending the complaint, the motion will be denied.

**I.   BACKGROUND**

In brief, this civil rights action stems from Plaintiff's February 2015 arrest and detention and criminal charges brought against him for allegedly committing credit card theft against his elderly mother, then a resident of West Orange, New Jersey. Plaintiff had claimed he was authorized to use the credit card and pleaded not guilty. Ultimately the criminal charges against him were not only discontinued but expunged by the Superior Court of New Jersey, Essex County.

On January 6, 2017, Plaintiff filed this action for false arrest and malicious prosecution, in violation of his constitutional rights. The Complaint named three individuals who were employed by the Essex County Prosecutor's Office and who were alleged by Plaintiff to be liable for their involvement in the underlying events. In relevant part, the Complaint asserted a claim under 42 U.S.C. § 1983 for false arrest against Defendant Robert Grady ("Grady"), then an assistant prosecutor in the Financial Crimes Unit. On Defendants' motion, brought pursuant to Federal Rules of Civil Procure 12(b)(1) and 12(b)(6), the claim against Grady was dismissed on February 8, 2018, by the Honorable John M. Vazquez. In an Opinion of that same date, the Court found, based on the allegations set forth in the Complaint, that absolute prosecutorial immunity barred the claim against Grady. The Court, however, permitted Plaintiff an opportunity to re-plead his entire Complaint, including the false arrest claim against Grady. Following the filing of the First Amended Complaint, Defendant Grady again moved to dismiss. On July 17, 2018, the Court once again dismissed, with prejudice, the false arrest claim against Grady, finding it barred by prosecutorial immunity.

Shortly before the Court dismissed the First Amended Complaint as to Defendant Grady with prejudice, the Magistrate Judge previously assigned to this case held an initial scheduling conference. The Scheduling Order entered on June 15, 2018, directed that all motions to amend pleadings be filed by October 12, 2018, and set a discovery end date of December 31, 2018. Discovery was thereafter extended numerous times at the parties' request and was ultimately extended to July 17, 2020. According to the docket, by that date all document discovery and party depositions had concluded. The parties also jointly requested an additional 45 days to

complete non-party depositions, which had been delayed due to the pandemic. It does not appear that any extension of the deadline to amend pleadings was sought until December 2020, when Plaintiff indicated his wish to file the instant motion.

## II. Discussion

In the motion for leave to amend presently before the Court, Plaintiff seeks to reinstate the false arrest claim against Grady, arguing that information obtained in discovery has provided Plaintiff with "ample basis to allege that Mr. Grady advised the detective Defendants as to the existence of probable cause." (Pl. Br. at 2.) He maintains that the proposed Second Amended Complaint sets forth facts demonstrating that Grady was involved in the investigation, activity which Plaintiff argues falls outside the protection of prosecutorial immunity. Plaintiff concedes that this motion to amend has been filed long after the deadline set by the Court's scheduling order. Accordingly, he acknowledges that his motion is therefore subject not only to Rule 15(a), but also to the more stringent standard of Rule 16(b)(4). Plaintiff contends that he meets that standard because he was diligent in pursuing discovery and vigorously opposed both motions to dismiss the claims against Grady. According to the brief filed in support of this motion, "[t]he only reason Plaintiff is seeking to amend to add Mr. Grady into the action at this juncture is because the Court previously determined to dismiss him from the action, not through any choice made by Plaintiff." (Pl. Br. at 9.)

Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, when a party brings a motion to amend the complaint after the court-ordered deadline, he or she must first demonstrate that there

3

is "good cause" to modify the Court's scheduling order and that he or she has acted with reasonable diligence despite the failure to comply with the order. See Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); see also Race Tires Am., Inc. v. Hoosier Racing Tire Corp., 614 F.3d 57, 84 (3d Cir. 2010) ("Rule 16(b)(4) focuses on the moving party's burden to show due diligence."). If a plaintiff demonstrates good cause, the court then proceeds to apply the standard applicable to motions to amend, pursuant to Rule 15(a). While Rule 15(a)(2) plainly states that leave must be freely given, it is equally well-established that, in the court's discretion, leave to amend may be denied for various equitable reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and/or] futility of amendment . . .." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006) (citing Foman).

This Court finds that Plaintiff has not made the requisite demonstration to obtain leave to file the Second Amended Complaint. The instant motion was filed on December 28, 2020, almost four years, to the day, after this action was initiated. The Court allowed Plaintiff to proceed with this motion, even though the deadline for amending pleadings had expired two years prior to the motion and even though the very protracted discovery period had already concluded. Though he filed the motion with permission, Plaintiff must nevertheless satisfy the threshold requirement of good cause before he may amend his pleading. He has not done so. Plaintiff argues that, in discovery, he obtained evidence that assistant prosecutor Grady participated in the criminal investigation leading to Plaintiff's arrest, pointing specifically to the

4

deposition testimony given by Grady and by Defendant Robert O'Neal, one of the detectives investigating Plaintiff. The Court has reviewed the proposed Second Amended Complaint, as well as the deposition transcripts submitted in support of this motion. Contrary to Plaintiff's assertions, Grady in fact denied having any involvement in the investigation. Plaintiff, moreover, fails to demonstrate that he was diligent in his attempt to uncover facts that would justify his attempt to reinstate a claim that was evaluated and found deficient, twice, on dispositive motion practice early in the litigation. In short, the Court finds no good cause for what essentially amounts to a very belated motion for reconsideration of the Court's July 18, 2018 Order.[1]

This Court must stress that, in the July 18, 2018 Order, Judge Vazquez dismissed the false arrest claim against Defendant Grady with prejudice. As the parties are aware, a dismissal with prejudice carries the same finality as if the claim were to have proceeded to judgment on the merits. Gambocz v. Yelencsics, 468 F.2d 837, 840 (3d Cir. 1972) ("Dismissal with prejudice constitutes an adjudication of the merits as fully and completely as if the order had been entered after trial.") (citing Lawlor v. Nat'l Screen Svc. Corp., 349 U.S. 322, 327 (1955)). Thus, even if Plaintiff had satisfied Rule 16's good cause standard, the motion must be denied as prejudicial to Grady. The Third Circuit has "'consistently recognized . . . that prejudice to the non-moving party is the touchstone for the denial of an amendment.'" Arthur, 434 F.3d at 204 (quoting

---

[1] The District of New Jersey's Local Civil Rule 7.1 provides that a motion for reconsideration may be brought within 14 days after entry of the order on the original motion and requires the moving party to identify the matter or controlling decisions that he or she believes were overlooked by the Court. L. Civ. R. 7.1(i); see also Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (setting forth grounds for reconsideration).

Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993)). Here, allowing Plaintiff to reinstate a claim that had been dismissed with prejudice would upend Defendant Grady's reliance on the Court's July 18, 2018 Order of dismissal and force him to defend against a false arrest claim terminated early in the case, hampered by the passage of time and his lack of preparation.[2] This inequitable result provides a compelling reason to deny the instant motion for leave to amend.

### III. CONCLUSION AND ORDER

For the foregoing reasons, this Court finds that leave to file a Second Amended Complaint is not warranted under Rules 15(a)(2) and 16(b)(4) of the Federal Rules Civil Procedure. Accordingly,

**IT IS** on this 12th day of May 2021,

**ORDERED** that Plaintiff's motion for leave to file a Second Amended Complaint [D.E. 88] is hereby **DENIED**.

    /s/ *André M. Espinosa*
ANDRÉ M. ESPINOSA
United States Magistrate Judge

---

[2] Indeed, the Court notes that Plaintiff's motion does not address the viability of the claim if it were to be reinstated almost three years after dismissal, under the applicable two-year limitations period for Section 1983 claims. The futility of an amendment, which examines whether the complaint would fail to state a claim upon which relief could be granted, is yet another grounds for denying a motion to amend. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).